# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH A. SMITH, ET.AL., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | Case No.: 25-cv-02614 |
| v. ) | |
| ) | Judge Edmond E. Chang |
| TARGET CORPORATION, ) | |
| ) | |
| Defendant(s). ) | |

## JOINT INITIAL STATUS REPORT

NOW COME Defendant, TARGET CORPORATION, by and through its attorneys, DOWNEY & LENKOV LLC, and Plaintiffs, DEBORAH A. SMITH and GARY SMITH, by and through their attorneys, ROMANUCCI & BLANDIN, LLC., and pursuant to this Honorable Court's Order of 3/19/25, submit the following Joint Initial Status Report:

**1. Nature of the Case**

**a. Identify the attorneys of record for each party, including the lead trial attorney.**

Plaintiffs' Counsel:  Michael D. Cerasa
ROMANUCCI & BLANDIN, LLC.
321 N. Clark St., Suite 900
Chicago, IL 60654
T: 312-253-8618
E: mcerasa@rblaw.net

Defendant's Counsel:  Rich Lenkov (lead trial attorney) and Chris Puckelwartz
DOWNEY & LENKOV LLC
30 N. LaSalle Street, Suite 3600
Chicago, Illinois 60602
T: 312.377.1501
E: rlenkov@dl-firm.com
E: cpuckelwartz@dl-firm.com

**b. State the basis for federal jurisdiction.**

There is no dispute that the amount in controversy exceeds $75,000, exclusive of interest and costs, based on Plaintiff's, DEBORAH A. SMITH, injuries which include a fractured left arm, which required surgery. Plaintiffs' counsel indicated that Plaintiff has accrued approximately $50,000.00 in medical bills. Plaintiff, GARY SMITH, is alleging loss of consortium. Plaintiffs' attorney also indicated that he could not stipulate that Plaintiffs' damages were below $75,000.00 and he had no objection to removal.

At the time of the filing of the Complaint and at the time of removal, Plaintiffs were and are citizens of and domiciled in the State of Illinois. Defendant Target Corporation was and is a Minnesota Corporation with its principal place of business in Minneapolis, Minnesota.

**c. Describe the nature of the claims asserted in the complaint and any counterclaims.**

This is a premises liability claim involving an alleged injury to Plaintiff DEBORAH A. SMITH, who was allegedly walking in the store and slipped on a foreign substance inside Defendant's store. Plaintiffs, DEBORAH A. SMITH and GARY SMITH, filed a two-count complaint alleging negligence as well as premises liability. No counter-claims and/or third-party claims have been filed.

**d. State the major legal and factual issues in the case.**

Whether or not Defendant was negligent in causing or contributing to cause Plaintiffs' alleged injuries and damages. Plaintiffs must establish that Defendant either created the condition that allegedly caused Plaintiff DEBORAH A. SMITH'S injury or that Defendant had actual or constructive notice of it prior to the alleged occurrence. Plaintiffs must also establish that Plaintiff DEBORAH A. SMITH'S alleged injuries were causally connected to the alleged occurrence. Defendant disputes both liability and damages.

**e. Describe the relief sought by the plaintiff (and counter-claimant).**

Plaintiffs' Complaint at Law prayed for judgment against Defendant in an amount in excess of the $50,000.00 jurisdictional limit of the Circuit Court of DuPage County Law Division plus costs. Plaintiffs' therein seek damages for medical expenses, pain and suffering, loss of normal life and disability, loss of wages and loss of consortium.

**2. Pending Motions and Case Plan**

**a. State the status of service of process on each defendant.**

Defendant has been served.

**b. Identify all pending motions.**

There are no pending motions at this time.

**c. Submit a proposal for a discovery plan, including the following information:**

**i. The general type of discovery needed.**

**The parties anticipate exchanging initial disclosures and written discovery requests, securing medical records via subpoena, deposing party representatives with knowledge regarding the occurrence, deposing Plaintiff DEBORAH A. SMITH'S treating physicians and possibly retaining expert witnesses.**

2

      ii. A date for Rule 26(a)(1) disclosures: 5/7/25

      iii. A date to issue the first set of written discovery requests: 5/9/25

      iv. A fact discovery completion date: 4/24/26

      v. If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony):

          1. Plaintiffs' experts to be disclosed 5/27/26
          2. Plaintiffs' experts to be deposed 6/26/26
          3. Defendant's experts to be disclosed by 8/25/26
          4. Defendant's experts to be deposed by 10/9/26

      vi. A deadline under Civil Rule 16(b) to add parties or to amend pleadings: 5/1/26

      vii. A date for the filing of dispositive motions: 12/8/26

    **d. State whether a jury trial is requested and the probable length of trial (including jury selection, jury addresses, and jury deliberations).**

    The parties request a jury trial. The parties estimate the probable trial length at 7-10 days.

    **e. State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).**

    The parties agree.

**3. Consent to Proceed Before a Magistrate Judge**

    **a. State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment. The Court *strongly* encourages parties to consent to the jurisdiction of the Magistrate Judge. Of course, the parties are free to withhold consent without any adverse substantive consequences.**

    The parties have not yet consented to proceed before a Magistrate Judge. Counsel for the parties will explore consenting to proceed before the Magistrate Judge for purposes of discovery.

**4. Status of Settlement Discussions**

    **a. State whether any settlement discussions have occurred;**

    Counsel for the parties have had very brief preliminary settlement discussions.

    **b. Describe the status of any settlement discussions; and**

3

Counsel for the parties will continue to discuss settlement and explore the possibility of early resolution. However, the parties will likely need to complete some portion of non-medical fact discovery, including written discovery, securing all records and bills via subpoena and possibly deposing Plaintiff, prior to engaging in meaningful negotiations.

    **c. Whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time.

| | |
|---|---|
| Respectfully submitted,<br>TARGET CORPORATION | Respectfully submitted,<br>DEBORAH A. SMITH and<br>GARY SMITH |
| By: *s/Christopher M. Puckelwartz*<br>One of its attorneys | By: *s/ Michael D. Cerasa*<br>One of their attorneys |

| | |
|---|---|
| Rich Lenkov, #6231079<br>Christopher M. Puckelwartz, #6243690<br>DOWNEY & LENKOV LLC<br>30 N. LaSalle Street, Suite 3600<br>Chicago, IL 60602<br>P: 312.377.1501<br>F: 312.377.1502<br>E: rlenkov@dl-firm.com<br>E: cpuckelwartz@dl-firm.com | Michael D. Cerasa, #6343734<br>ROMANUCCI & BLANDIN, LLC.<br>30 N. LaSalle Street, Suite 3600<br>Chicago, IL 60602<br>T: 312.253.8618<br>E: mcerasa@rblaw.com |

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Joint Initial Status Report** was filed on the 26th day of March, 2025, with the Clerk of Court using the CM/ECF electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

By: *s/Christopher M. Puckelwartz*
One of Defendant's Attorneys

Rich Lenkov, #6231079
Christopher M. Puckelwartz, #6243690
DOWNEY & LENKOV LLC
30 N. LaSalle Street, Suite 3600
Chicago, IL 60602
P: 312.377.1501
F: 312.377.1502
E: rlenkov@dl-firm.com
E: cpuckelwartz@dl-firm.com

# SERVICE LIST

**Plaintiff's Attorney**
Michael D. Cerasa
ROMANUCCI & BLANDIN, LLC.
321 N. Clark St., Suite 900
Chicago, IL 60654
T: 312.253.8618
E: mcerasa@rblaw.com

5
4936-8813-3679, v. 4